# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

GREGORY TODD BOWDEN,

        Movant,

    v.

UNITED STATES OF AMERICA,

        Respondent.

CRIMINAL ACTION NO.
1:09-cr-98-WSD

CIVIL ACTION NO.
1:12-cv-2853-WSD

## OPINION AND ORDER

This matter is before the Court on Gregory Todd Bowden's ("Movant" or "Bowden") Objections [104] to Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("R&R") [100]. The R&R recommends that Bowden's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Motion") [72] be denied and that a certificate of appealability be denied.

## I.    BACKGROUND[1]

On January 13, 2010, following a three-day trial, a jury convicted Bowden of using a computer to attempt to persuade, induce, entice or coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) [46].  On June 11, 2010, the Court sentenced Bowden to 250 months imprisonment [56].

Bowden was represented before, and during, trial by retained counsel Franklin Hogue ("Hogue").  On appeal, Bowden, still represented by Hogue, argued that the Court erred in ruling that: (1) Section 2422(b) applies to contact with an intermediary rather than with the minor; (2) an actual minor child is not required for violation of Section 2422(b); (3) Bowden's conversations were not protected by the First Amendment; (4) the specific offense characteristic in U.S.S.G. § 2G1.3(b)(3)—use of a computer—applied to this case; and (5) the specific offense characteristic in U.S.S.G. § 2G1.3(b)(5)—a minor under twelve— applied to this case.  On March 30, 2011, the Eleventh Circuit affirmed Bowden's

---

[1]    The facts are more thoroughly discussed in the R&R and the Court briefly summarizes the relevant facts here.  To the extent Bowden objects to the Magistrate Judge's "observations" that he was aware of the Government's evidence against him, that he did not express a desire to plead guilty, and that he maintained his innocence at sentencing, Bowden does not argue that the Magistrate Judge misstated material facts.  Rather, Bowden "objects to each of these findings of fact and resulting conclusion of law."  (Obj. at 2).  The Court finds that the Magistrate Judge correctly determined the material facts of this case.  Bowden's objection is overruled.

conviction and sentence.  United States v. Bowen, 420 F. App'x 907 (11th Cir.

2011) (per curiam).  On October 3, 2011, the Supreme Court denied certiorari.

Bowden v. United States, 132 S. Ct. 334 (2011).

On August 16, 2012, Bowden, proceeding *pro se*, filed his Motion to Vacate.

Bowden asserts that Hogue rendered ineffective assistance of counsel:

1.   in advising Bowden whether to accept the Government's plea offer or
     proceed to trial;

2.   in failing to object to the Magistrate Judge's Report and
     Recommendation that his motion to dismiss the indictment be denied;

3.   in failing to argue that Bowden's 250-month sentence was
     substantively unreasonable; and

4.   in failing to object to factual statements in the presentence
     investigation report.

In his Affidavit, Bowden stated that "counsel advised him that he had already

rejected the government plea offer [sic] even before speaking with [Bowden] about

the plea offer," and that he "tried to get his counsel to contact the government and

negotiate a plea agreement, but counsel refused to do so."  (Bowden Aff. [72.2] at

¶¶ 4-5).  The Government opposed Bowden's Motion.

On December 3, 2012, Magistrate Judge Vineyard granted Bowden's request

for an evidentiary hearing on ground one and appointed counsel to represent

Bowden [80, 81].

On March 5, 2013, Magistrate Judge Vineyard conducted an evidentiary hearing on Bowden's claim that counsel provided ineffective assistance in counseling Bowden whether to enter a guilty plea or proceed to trial.  (Tr. of Hr'g [95]).  Bowden and Hogue testified at the hearing and their testimonies are discussed later in this Order.

In his post-hearing brief, Bowden argues that counsel was ineffective in connection with ground one by failing to (1) inform Bowden that he believed the chances of prevailing at trial were very low, (2) advise Bowden regarding the possible negative consequence of testifying at trial, (3) discuss the strength of the Government's case and the weaknesses of Bowden's defense, and (4) discuss the sentencing guidelines in depth.

On October 8, 2013, Magistrate Judge Vineyard issued his R&R, recommending that Bowden's Motion be denied.  The Magistrate Judge found that many of Bowden's claims were not supported by the record and that Bowden failed to show that Hogue rendered ineffective assistance.  The Magistrate Judge also recommended that a certificate of appealability be denied because Bowden failed to make a substantial showing of the denial of a constitutional right.

On October 22, 2013, Bowden filed his Objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard on Review of an R&R

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v.

Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112

(1983).  A district judge "shall make a *de novo* determination of those portions of

the report or specified proposed findings or recommendations to which objection is

made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "give fresh

consideration to those issues to which specific objection has been made by a

party."  Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)

(internal quotation marks omitted).  With respect to those findings and

recommendations to which objections have not been asserted, the Court must

conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093,

1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

### B.   Legal Standard on Claims of Ineffective Assistance of Counsel

"Ineffective assistance of counsel claims are governed by the standard set

forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984)."

Green v. Nelson, 595 F.3d 1245, 1249 (11th Cir. 2010).   To show ineffective

assistance of counsel, a movant must show that counsel's performance was

deficient, which requires the movant to prove that "counsel's representation 'fell

below an objective standard of reasonableness.'" Wiggins v. Smith, 539 U.S. 510,

521 (2003) (quoting Strickland, 466 U.S. at 688). Even if a reviewing court

determines that "many reasonable lawyers would not have done as defense counsel

did at trial, no relief can be granted on ineffectiveness grounds unless it is shown

that no reasonable lawyer, in the circumstances, would have done so." Rogers v.

Zant, 13 F.3d 384, 386 (11th Cir. 1994).

A movant also must show that counsel's ineffectiveness prejudiced the

movant. Strickland, 466 U.S. at 687. To show prejudice, a movant must prove

that there is "a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different." Strickland, 466 U.S. at

694. Such a reasonable probability must rise to the level of "undermin[ing]

confidence in the outcome." Id. A movant is not entitled to relief if he fails to

prove either deficient performance or prejudice. Id. at 697.

    C.    Analysis

        1.    Whether counsel was ineffective during plea negotiations

In his Motion, Bowden claims that Hogue was ineffective during plea

negotiations because he rejected the Government's plea offer without first

6

consulting with Bowden.  The Magistrate Judge found that, at the hearing, Bowden retracted this claim, and that Bowden failed to present any evidence to support his additional contention that Hogue refused to follow his instructions to attempt to negotiate a plea.  Bowden did not object to this portion of the R&R, and the Court finds no plain error in the Magistrate Judge's conclusion that Bowden is not entitled to relief on these grounds.

Bowden claimed, for the first time at the March 5, 2013, evidentiary hearing, that Hogue was ineffective during plea negotiations because (1) Hogue did not inform Bowden that he believed the changes of prevailing at trial were very low; (2) he did not discuss the possible negative consequences of testifying at trial, including that his testimony would be inconsistent with the evidence and that, if convicted, Bowden could receive a sentencing enhancement for obstruction of justice; (3) he did not discuss in detail the strength of the Government's case and the weaknesses of Bowden's defense; and (4) he did not discuss the sentencing guidelines in depth.  The Magistrate Judge found that Bowden's new claim that Hogue ineffectively consulted with him regarding whether to plead guilty, was not time barred because it relates back to his original claim, that Hogue mishandled plea negotiations by failing to consult with Bowden and failing to follow Bowden's instructions.  The parties do not object to this conclusion and the Court

finds no plain error in it.  See Fed. R. Civ. P. 15(c); R. Governing § 2255 Cases 12;

Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000).

The Magistrate Judge found incredible Bowden's contention that Hogue failed to discuss the sentencing guidelines in depth with him.  The Magistrate Judge found that Bowden admitted that he received a letter from Hogue which included the prosecutor's calculations of Bowden's estimated guidelines ranges if he pled guilty or was convicted at trial, and Bowden also admitted that Hogue showed him his custody guidelines ranges in a sentencing guidelines book.  The Magistrate Judge found that Hogue did discuss the sentencing guidelines with Bowden and that Bowden was aware of the likely disparity in sentencing if convicted after trial versus entering a guilty plea.  Bowden does not object to this portion of the R&R.  The Court finds no plain error in the Magistrate Judge's conclusion that Bowden has not shown that Hogue's performance was deficient in discussing the sentencing guidelines with him, and Bowden is not entitled to relief on this claim.

The Magistrate Judge found that it is undisputed that Hogue did not offer his opinion regarding Bowden's chances at trial, he did not discuss in detail the strength of the Government's case and the weaknesses of Bowden's defense, and he did not advise Bowden regarding the possible negative consequences of his

testimony.  (R&R at 19-20).  The Magistrate Judge concluded, however, that even if Hogue's performance was deficient in failing to effectively consult with Bowden regarding whether to reject the plea offer and proceed to trial, Bowden is not entitled to relief because he fails to show that he was prejudiced by counsel's allegedly deficient performance.  (R&R at 20).  The Magistrate Judge found that Bowden did not present any credible evidence to support that he would have pled guilty if Hogue had effectively consulted with him, including because (1) he was aware of the Government's strong evidence against him but maintained his innocence throughout the proceedings and even testified at trial that he believed he was engaging in role-playing and fantasy; (2) Hogue credibly testified, and the record supports, that Bowden did not show any interest in pleading guilty until after his conviction; and (3) Bowden's testimony that he would have pleaded guilty was not credible in light of his protestations of innocence, his admittedly false testimony at trial, and the material differences between his Affidavit and his testimony at the evidentiary hearing, including retraction of statements he made in his Affidavit.  (R&R at 20-21).  The Magistrate Judge concluded that Bowden's self-serving testimony at the evidentiary hearing is not sufficient to show prejudice, and that Bowden is not entitled to relief on this claim.  (R&R at 22).

Bowden objects to the Magistrate Judge's conclusion that there is no credible evidence in the record to show that Bowden was ever interested in pleading guilty prior to trial, and he asserts generally that, if Hogue had effectively consulted with him, he would have pled guilty. The Court disagrees.[2]

To establish prejudice based on ineffective assistance in deciding whether to plead guilty or go to trial, a movant "'must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded guilty and would [not] have insisted on going to trial.'" Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995) (alterations in original). In the context of a rejected plea offer, a movant

> must show a reasonable probability that but for counsel's ineffectiveness: (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would

---

[2]    Bowden's Objections focus on the first prong of the Strickland analysis and he mostly reiterates the ways in which Hogue's performance was allegedly deficient. Bowden does not meaningfully address the basis for dismissal of his claim, that Bowden's self-serving testimony—even if it was credible, which it is not—without more, is not sufficient to support that Bowden would have pled guilty but for Hogue's allegedly deficient performance. The Court conducts a *de novo* review even though Bowden's generalized objections could be considered improper. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

have been less severe than under the judgment and sentence that in fact were imposed."

Osley v. United States, -- F.3d --, 2014 WL 1399419 at *6 (11th Cir. Apr. 11, 2014) (quoting Lafler v. Cooper, 132 S.Ct. 1376, 1385 (2012)).  The Eleventh Circuit has consistently held that a movant's "after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have pled guilty."  Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991); see also Coulter, 60 F.3d 1499; Guerra v. Sec'y, Dep't of Corr., 271 F. App'x 870 (11th Cir. 2008).

Here, Bowden fails to provide any objective evidence to support his claim. The Court finds that Bowden's testimony that he would have pled guilty had Hogue effectively consulted with him is not credible and it is not supported by the record.  In each of his interactions with the Court, Bowden has shown his uninhibited willingness to obscure the truth to obtain the outcome desired at the time of his testimony.

Bowden's testimony at trial—which he now admits was false—and his position at sentencing, was that his online conversations were fantasy and role playing.  At sentencing, the Court weighed the credibility of Bowden's testimony against the evidence in the case, including the records of Bowden's online chats and text messages.  The Court concluded that the obstruction of justice

enhancement applied, including because the Court did not believe Bowden's testimony and found that he

> made the decision in [his] own self-interest to testify to try to avoid on the one element that [he] could try to escape a conviction by saying that all of those discussions and all of those interactions and all of those messages were something other than what [the Court] know[s], [the Court] believe[s], and the jury believes that they were, which was [Bowden's] expressed calculated intention to have sexual relationships with a very, very young child.

(Tr. of Sentencing Hr'g [65] at 10:2-10).  Bowden's testimony at trial and his position at sentencing were inconsistent with his behavior, and his actions, including driving over 100 miles to engage in what he believed would be sex with a seven-year-old girl, clearly indicated his willingness to carry out his plan.  That Bowden admits, for the first time at the evidentiary hearing, that his trial testimony was untruthful and contrary to his trial testimony, that he was guilty of the offense, undermines his credibility.[3]

---

[3]     Bowden testified:
Q.     You also testified at trial that you believed your chats were role playing and fantasy and that Tiffany's seven-year old daughter was a fantasy?
A.     Yes, ma'am.
Q.     Was that truthful testimony?
A.     Yes, ma'am.
          Ma'am, ma'am, can you repeat the question, please?
Q.     I will.  You testified at trial that you believed the chats that you were having with Tiffany were all role playing and fantasy and that her daughter, her minor daughter, was a fantasy?

Bowden's inconsistent statements here at the post-conviction relief stage further erode his credibility.  In his Affidavit, Bowden unequivocally states that Hogue "*advised* him that he had already rejected the government plea offer even before speaking with [Bowden] about the plea offer letter dated 9-1-2009."  (Aff. at ¶ 4) (emphasis added).  At the evidentiary hearing, when asked whether Hogue specifically said those words to him, Bowden testified that he "believe[s] that was more of an impression that [he] had formed regarding the fact that [they] never discussed [Hogue's] letter [conveying the plea offer]."  (Tr. 12:9-15; see also 16:16-24).

Bowden also states in his Affidavit that he "tried to get his counsel to contact the government and negotiate a plea agreement, but [Hogue] refused to do so."  (Aff. at ¶ 5).  At the hearing, Bowden testified that Hogue told him "that because [he] had claimed [his] innocence all along that the . . . prosecution and the courts would not accept a guilty plea because [he] was claiming that [he] was innocent," and that, at the time, Bowden had the "impression" that he could not enter a guilty plea.  Bowden testified that he now believes he misunderstood what Hogue told him and now understands that he could have admitted that he was

A.    I'm sorry, I misunderstood.  No, ma'am.
Q.    So that was your testimony at trial but that was not true?
A.    Yes, ma'am.
(Tr. 19:17-20:5; 20:23-25).

guilty and accepted a plea.  (Tr. 12:18-13:8).  When asked about his statement in

his Affidavit that Hogue refused to negotiate a plea agreement, Bowden testified:

> When he told me that I could not plead guilty, that - - my
> understanding from that was they won't take a guilty plea, there's no
> need for us to go - - for me to go back because you can't plead guilty.
> I now understand that that was probably based on the fact that I had
> stated my innocence to him throughout and that that's what he was
> basing it on, but he did not explain to me anything about, well, if I go
> back and talk to them you have to accept responsibility to get any kind
> of agreement to plead guilty, he didn't explain anything of that to me.

(Tr. 18:16-25).  Bowden's original bases for his claims are not supported by the

record.  His attempts to explain away his previous inconsistent statements and his

ever-changing testimony support that Bowden's latest claims—that he would have

pled guilty if Hogue had informed him of the negative consequences of testifying

at trial, told him that his chance of prevailing at trial were very low, or discussed

the strength of the Government's case—are simply not credible.

 Bowden's repeated claims of innocence further undercut his claim that he

would have pled guilty but for Hogue's ineffectiveness.  Bowden maintained his

innocence throughout trial and, even after his conviction, continued to claim that

he had only engaged in role-playing and fantasy.  At his sentencing, Bowden told

the Court: "During my trial I made a statement that I know now how wrong *fantasy

chats and role-plays* were . . .  I knew then and I know now it was wrong *to have

the thoughts*."  (Tr. of Sentencing Hr'g 31:13-20) (emphasis added).  He also stated

that he "already sought psychological help . . . to try to determine the source of the *role-plays and the fantasies* and [his] interest in them."  (Id. at 33:14-17) (emphasis added).  Bowden's claim that he would have accepted the Government's plea offer if Hogue had effectively consulted with him is not credible in light of his persistent claims of innocence and attempts to minimize his behavior.  See Diaz, 930 F.2d at 835 (rejecting defendant's claim that he would have accepted a plea agreement when he had not indicated any desire to plead guilty prior to his conviction); Osley, 2014 WL 1399419, at *7 (defendant claiming ineffective assistance of counsel based on attorney's failure to advise him that he faced a mandatory minimum sentence could not show prejudice in part because his "claim that he would have pled guilty had he been properly informed [was] . . . undermined by his repeated claims of innocence"); Pericles v. United States, -- F. App'x --, 2014 WL 2198514, at *4 (11th Cir. May 28, 2014) ("In light of Pericles's insistence that he is innocent of the offense, there is no reasonable probability that he would have pled guilty if, before Pericles pled, his attorney had reviewed his criminal history.").

      Bowden's statements in his Motion and his testimony at the evidentiary hearing do not support that he would have accepted the Government's plea offer if Hogue had effectively consulted with him.  At most, they support that Bowden may have been interested in pleading guilty in exchange for a more favorable plea

offer or if he was allowed to do so without admitting guilt.  In his Motion, Bowden

claims that he asked Hogue to "go back to the Government and try to work out a

plea agreement, with less enhancement or favorable agreement in alternate [sic] of

going to trial."  (Br. in Supp. of Mot. to Vacate [72.1] at 4-6).  At the evidentiary

hearing, Bowden testified that he asked Hogue about entering a "nolo" plea, that

Hogue replied that it was not available, and that he now understands that Hogue's

statement that Bowden could not plead guilty "was probably based on the fact that

[Bowden] had stated [his] innocence to him throughout" and that he would "have

to accept responsibility to get any kind of agreement to plead guilty."  (Tr. 10:18-

22; 18:16-25).[4]  Hogue also testified that Bowden did not act as if a guilty plea was

anything that he was interested in, that he consistently denied to Hogue that he

---

[4]      Hogue testified that his customary practice prior to trial is to tell his clients
that "pleading guilty is the acceptance of responsibility for the crimes charged .
. . and [he] would talk, typically, with them about the two-to three-level reduction
one could get in their offense levels by pleading guilty and accepting
responsibility."  (Tr. 32:13-25).  Hogue also stated:
> Q.      Now, have you ever had a conversation with a client where you told
> them that they couldn't plead guilty without going in front of the judge and
> telling the court that they had done the things they were accused of?
> A.      Yes.  I customarily tell clients that a guilty plea is an admission of
> either the crimes charged or some negotiated lesser crimes.
> Q.      And, likewise, have you ever had a conversation with a client where
> you told them that they couldn't accept a plea offer unless they were saying
> they were guilty?
> A.      I tell them that's what it means.
(Tr. 46:19-47:4).

intended to have sex with a child, and that he never indicated that he was interested in admitting that he intended to have sex with a child and plead guilty.  (Id. 37:13-38:7).  To the extent Bowden appears to suggest that he suffered prejudice because "it is well established that a guilty plea can be in a defendant's best interest even where he maintains his innocence," Bowden fails to present any evidence to show that the Government would have offered, and the Court accepted, a plea agreement that did not require Bowden to admit he was guilty of the crime charged.  See Lafler, 132 S. Ct. at 1385 (to show prejudice, movant must show, among others, that he would have accepted the plea and the court would have accepted its terms); United States v. Gomez-Gomez, 822 F.2d 1008, 101 (11th Cir. 1987) ("Though a judge may enter judgment upon a guilty plea offered under [Alford], he is not required to do so."); Cleckler v. United States, 410 F. App'x 279, 284 (11th Cir. 2011) (speculation is not sufficient to satisfy defendant's burden to show a reasonable probably that the outcome would have been different).[5]  Bowden fails

---

[5]  Even if Bowden had entered the Alford plea he now appears to advocate—assuming it was an available option—Bowden would not have be entitled to the 3-level reduction in his custody guidelines range for acceptance of responsibility contemplated by the Government's plea offer.  See U.S.S.G. § 3E1.1 & Application Note 3 ("Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction . . . will constitute significant evidence of acceptance of responsibility . . . . A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.").  Bowden thus cannot show prejudice because

to present any credible evidence to support that he would have accepted the

Government's plea offer but for Hogue's deficient performance.[6]   Bowden has not

---

his 250-month sentence was within his custody guideline range if he was convicted at trial.  See Lafler, 132 S. Ct. at 1385 (prejudice requires defendant to show, among others, that his sentence would have been less severe).

[6]   The alleged disparity between his sentencing exposure and Hogue's erroneous prediction is not sufficient objective evidence to support Bowden's claim that he would have accepted the Government's plea offer, in light of Hogue's credible testimony and Bowden's persistent claims of innocence and attempts to minimize his behavior.  Bowden's claim that he would have accepted the Government's plea offer if he had known that he was risking ten, not five, additional years imprisonment by going to trial and because he received a sentencing enhancement for obstruction of justice, also is not supported by the record.  Bowden was advised that, if he pled guilty, the Government agreed to recommend a sentence at the bottom of his custody guideline range—that is, 168 months imprisonment.  Bowden was also advised that, if convicted at trial, his custody guideline range was 235 to 293 months—that is, 67 to 125 months more than the Government agreed to recommend if Bowden entered a guilty plea. Bowden does not argue, and the record does not support, that the Government promised to recommend a sentence at the low end of his post-trial custody guideline range.  At the time he rejected the Government's plea offer, Bowden thus knowingly risked an additional 67 to 125 months, or five to ten years, imprisonment by proceeding to trial, without applying the obstruction of justice enhancement.

The Court notes that Bowden's 250-month sentence falls within his custody guidelines range if the obstruction enhancement had not been applied—that is, it falls within the post-trial custody guideline range of which Hogue had advised him. There is little, if any, disparity between Bowden's actual sentence and his sentencing exposure as he understood it at the time he rejected the Government's plea offer.  Bowden fails to show that he was prejudiced by Hogue's failure to advise him regarding a potential obstruction enhancement and his resultant miscalculation of Bowden's custody guidelines range.  Cf. Cleckler, 410 F. App'x 279 (where defendant claimed that trial counsel was ineffective for not advising him of risks of testifying at trial, and that, had he been properly informed, he would have chosen not to testify and would not have been subject to obstruction of

shown that he was prejudiced by counsel's allegedly deficient performance and Bowden is not entitled to relief on his claim that counsel rendered ineffective assistance during plea negotiations.

>     2.    Whether counsel was ineffective in failing to object to the R&R denying Bowden's motion to dismiss the indictment

Bowden argued in his Motion that Hogue was ineffective in failing to object to the Magistrate Judge's Report and Recommendation that Bowden's motion to dismiss the indictment be denied.  In that Report and Recommendation, the Magistrate Judge found that Bowden's arguments for dismissal were foreclosed by Eleventh Circuit precedent and the Court adopted the Magistrate Judge's Report and Recommendation.  On appeal, the Eleventh Circuit also held that Bowden's arguments were foreclosed by its precedent.  Bowden, 420 F. App'x at 910 & n.3.[7]

---

justice sentencing enhancement, defendant failed to show prejudice because his sentence still fell within the guidelines range that would have applied without the obstruction enhancement).

[7]     In his motion to dismiss the indictment, Bowden argued that he could not be prosecuted for violating Section 2422(b) because (1) he communicated with an intermediary, who was not the child; (2) it was legally impossible for him to commit the crime because no actual victim existed; and (3) his conversations were protected by the First Amendment.  Bowden's arguments are foreclosed by binding precedent.  See United States v. Rothenberg, 610 F.3d 621, 626 (11th Cir. 2010) ("It is . . . the clearly established law of the circuit that to prove an attempted exploitation offense under 18 U.S.C. § 2422(b), the Government does not have to prove the existence or identity of a specific minor victim; a fictitious minor will suffice so long as the defendant understood and believed that a minor was involved."); United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004)

In his current R&R, the Magistrate Judge found that Hogue was not ineffective for failing to object to the R&R.  (R&R at 23-24).  In his Objections, Bowden acknowledges that, because his motion to dismiss raised issues foreclosed by binding precedent, he "cannot establish that he would have succeeded on appeal had the issues been preserved."  (Obj. at 9).  To the extent Bowden has not abandoned this claim, the Court finds no plain error in the Magistrate Judge's conclusion that Bowden fails to show that Hogue was ineffective in failing to raise a meritless objection and Bowden is not entitled to relief on this claim.  See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("[A] lawyer's failure to preserve a meritless issue plainly cannot prejudice a client.") (citing Strickland, 466 U.S. at 692-693); Diaz-Boyzo v. United States, 294 F. App'x 558, 560 (11th Cir. 2008) ("An attorney would thus not be ineffective for failing to preserve a nonmeritorious issue because such a failure would not change the result and thus could not prejudice the client.").

---

(rejecting argument that a § 2422(b) defendant must communicate directly with the minor or supposed minor; negotiating with the purported father of a minor falls within the purview of § 2422(b)); United States v. Lee, 603 F.3d 904, 912–13 (11th Cir. 2010) (defendant may be convicted under § 2422(b) "even though he communicated only with an adult intermediary"), cert. denied, 131 S. Ct. 437 (2010); United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004) (applying § 2422(b) to conversations with undercover police officer posing as a 13-year-old minor does not violate defendant's First Amendment rights; "[s]peech attempting to arrange the sexual abuse of children is no more constitutionally protected than speech attempting to arrange any other type of crime").

3. <u>Whether counsel was ineffective in failing to argue that the sentence was substantively unreasonable</u>

Bowden argued in his Motion that Hogue was ineffective in failing to argue on appeal that his sentence was substantively unreasonable.  The Magistrate Judge found that, in light of the Eleventh Circuit's deferential review of the substantive reasonableness of a district court's sentence, the Court's specific statements at the sentencing hearing regarding its consideration of the factors set forth in 18 U.S.C. § 3553(a), the Court's articulation of its sentencing determination in this case, and that the Court sentenced Bowden to 250 months of imprisonment, 42 months below his custody guidelines range, Hogue's failure to challenge the substantive reasonableness of Bowden's sentence did not amount to deficient performance or result in prejudice.  (R&R at 25-27).

In his Objections, Bowden states that he "cannot meet his burden to establish that this issue would have succeeded on appeal had it been raised."  (Obj. at 10). To the extent Bowden has not abandoned this claim, the Court finds no plain error in the Magistrate Judge's conclusion that Bowden fails to show that Hogue was ineffective in failing to argue that his sentence was substantively unreasonable and Bowden is not entitled to relief on this claim.  <u>See</u> <u>Heath v. Jones</u>, 941 F.2d 1126, 1130-1131 (11th Cir. 1991) ("[T]he Sixth Amendment does not require appellate advocates to raise every non-frivolous issue . . . effective advocates 'winnow out'

weaker arguments even though the weaker arguments may be meritorious.") (citing Jones v. Barnes, 463 U.S. 745 (1983)); Brownlee v. Haley, 306 F.3d 1043, 1062-1063 (11th Cir. 2002) ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy.") (quoting Smith v. Murray, 477 U.S. 527, 536 (1986)).

4.   Whether counsel was ineffective in failing to object to factual statements in the presentence investigation report

Bowden argued in his Motion that Hogue objected "to the three level enhancement but he did not object to the 'P.S.I.' factual statements."  (Br. in Supp. at 6) (emphasis in original).  The Magistrate Judge found that Bowden does not provide any argument to support his claim, does not identify the enhancement to which he refers or the facts to which Hogue should have objected, and he does not state how he was prejudiced.  (R&R at 27).

In his Objections, Bowden states, "[A]s noted by the Magistrate, this issue is not developed in a manner that permits a response."  (Obj. at 10).  To the extent Bowden has not abandoned this claim, the Court finds no plain error in the Magistrate Judge's conclusion that Bowden fails to show that Hogue was ineffective in failing to object to the presentence investigation report and Bowden is not entitled to relief on this claim.  See Wilson v. United States, 962 F.2d 996,

998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient.") (quoting United States v. Lawson, 947 F.2d 849 (7th Cir. 1991)).

     D.    Certificate of Appealability

A district court "must issue or deny a certificate of appealability [under 28 U.S.C. § 2253(c)] when it enters a final order adverse to the appellant." See R. Governing § 2255 Cases 11(a).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [Section] 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court agrees with the Magistrate Judge that Bowden has not made a substantial showing of the denial of a constitutional right.  Bowden fails to demonstrate that a reasonable jurist could debate whether he states a valid claim for relief under Section 2255.  Bowden's objection is overruled, and a certificate of appealability is denied.

**III.  CONCLUSION**

For the foregoing reasons, and having reviewed *de novo* those findings and recommendations in the R&R to which Bowden asserted an objection, and having

reviewed for plain error the remaining findings and recommendations in the R&R to which an objection was not asserted,

**IT IS HEREBY ORDERED** that Bowden's Objections [104] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [100] is **ADOPTED.**

**IT IS FURTHER ORDERED** that Bowden's Motion to Vacate his Sentence [72] is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**SO ORDERED** this 30th day of June, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE