**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GREGORY TODD BOWDEN, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:09-CR-0098-WSD-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:16-CV-2327-WSD-RGV |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of Gregory Todd Bowden's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 126], and motion for appointment of counsel, [Doc. 125]. For the reasons that follow, the undersigned finds that this § 2255 motion is impermissibly successive and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1] In light of this recommendation, Bowden's motion for appointment of counsel, [Doc. 125], is **DENIED** as moot.

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## I. PROCEDURAL HISTORY

After a federal jury in the Northern District of Georgia convicted Bowden of using a computer to attempt to persuade, induce, entice or coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b), the Court sentenced him to 250 months of imprisonment. [Docs. 10, 46, 56]. On March 30, 2011, the United States Court of Appeals for the Eleventh Circuit affirmed Bowden's conviction and sentence. United States v. Bowden, 420 F. App'x 907, 912 (11th Cir. 2011) (per curiam). The United States Supreme Court denied Bowden's petition for writ of certiorari on October 3, 2011. Bowden v. United States, 132 S. Ct. 334 (2011).

On August 16, 2012, Bowden filed a pro se § 2255 motion, arguing that he received ineffective assistance of counsel. [Doc. 72]. On June 30, 2014, the Court denied Bowden's § 2255 motion on the merits and denied him a certificate of appealability ("COA"). [Doc. 111]. The Eleventh Circuit also denied Bowden a COA on February 18, 2015, [Doc. 120], and denied reconsideration on April 17, 2015, [Doc. 121]. The United States Supreme Court denied certiorari on October 5, 2015. [Doc. 122].

Bowden submitted the instant § 2255 motion on June 24, 2016, arguing that, due to the Supreme Court's recent decisions in Johnson v. United States, 135 S. Ct. 2551

2

(2015) and Welch v. United States, 136 S. Ct. 1257 (2016), "the residual clause of 'any person' broadens the statute 18 U.S.C. § 2422(b) beyond scope of powers legislated by Congress in 1998." [Doc. 126 at 4, 12]. However, the District Court determined that Bowden's claim does not fall within the scope of Johnson and Welch and referred this matter to the undersigned for further consideration. [Doc. 128].

## II. DISCUSSION

As noted above, Bowden filed a prior § 2255 motion that was denied on the merits. [Docs. 72, 111]. The instant motion is therefore successive, and this Court may consider it only if Bowden has first obtained authorization from the Eleventh Circuit to file it. See 28 U.S.C. § 2255(h) & § 2244(b)(3)(A). There is no indication in the record that Bowden has obtained such authorization. Accordingly, the Court lacks jurisdiction to consider this second § 2255 motion.

## III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability

3

AO 72A
(Rev.8/82)

when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Bowden' § 2255 motion as impermissibly successive is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

### IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 126], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

Bowden's motion for appointment of counsel, [Doc. 125], is **DENIED** as moot.

4

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO ORDERED AND RECOMMENDED** this 8th day of August, 2016.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)